# LAW OFFICE OF JOSHUA FULD NESSEN
c/o Michael Faillace & Associates, LLP
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (646) 712-1920
Email: jfuldn@gmail.com

December 10, 2017

Honorable Judge Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11210

                    **Re: Arnold Schneiderman v. The American Chemical Society**
                    **CV 17-2530 (First Amended Complaint)(RRM)(SMG)**

Dear Judge Mauskopt:

    I am submitting this letter in response to the December 1, 2017 letter ("defendant's letter") submitted by the attorneys for defendant The American Chemical Chemistry ("ACS") calling for a pre-motion conference. I am also doing so to inform the your Honor of what might be appear to be a confusing sequence of submissions: 1)On Friday December 1, 20017 defendant filed a three-page letter in accord with your rules through the electronic filing system and on that same day mailed a hard copy of this letter to the now sole plaintiff Arnold Schneiderman. 2)Neither plaintiff nor his mother (former co-plaintiff Barbara Rumain) were aware of this submission since as pro se plaintiffs they did not have access to the electronic filing system. 3)On Monday December 4, 2017, plaintiff finished a 4-page letter addressed to District Judge Jack Weinstein whom he believed from the pro se office was the assigned judge in the case. 4)On Tuesday December 5, 2017, plaintiff's mother whom had served the letter on defendant on that same day filed the letter with the Pro Se Office. It was only at that time did she become aware that your Honor, not Judge Weinstein, was assigned this case, and also of the existence of defendant's December 1st letter. She only saw a hard copy of that letter when she returned home from work that day.

    Three are three important points to make regarding this sequence. First, plaintiff believed that he was operating under the Individual Rules and Practices of Judge Weinstein, a one-page document, that makes no reference to page limits on letters to the Court. Hence his 4-page submission on December 5, 2017 was within the rules (you can even see on the letter to Judge Weinstein that plaintiff's mother, under instructions from the pro-se office, crossed out Weinstein's name and put in hour Honor's). Second, it is clear that plaintiff's December 4, 2017 letter is not a response to the December 1st letter of defendant whose existence was only revealed to plaintiff and his mother on December 5, 2017. Third, under these circumstances, your Honor should consider the full 4-page letter by plaintiff which convincingly eviscerates every basis for defendant's October 30, 2017 Motion to Dismiss.

    I was formally retained to represent plaintiff Arnold Schneiderman by his mother on Thursday December 7, 2017 as the Court docket now reflects. Since I am an attorney and am formally on this case I will respond under your three-page limit rule to the December 1, 2017 letter. I apologize in advance if some of what I cover is drawn directly from the December 4, 2017 letter but that is inevitable. I will show how defendant even in its latest letter raises no new grounds for dismissal of the First Amended Complaint. Hence, there is no point to even holding a pre-motion conference in this matter, and any potential motion to dismiss now raised by defendant must be denied in the absence of such new grounds.

1

Defendant does acknowledge on page one of its letter that plaintiff has dropped a number of invalid causes of action as well as plaintiff's mother, Barbara Rumain, as a co-plaintiff. That is all well and good, but buried in the second footnote of page one is the absurd argument that defendant must cling to in order to have any chance of succeeding on its motion to dismiss: **"Notably, in his First Amended Complaint Plaintiff fails to include the breadth of factual allegations contained in the original Complaint. It is respectfully submitted that the Court consider all factual assertions made by Plaintiff herein when considering Defendant's motion to dismiss." (emphasis added).** Defendant cites no legal authority for this ludicrous claim which as your Honor knows would completely subvert the Federal Rules of Civil Procedure, Rule 15(a)(1)(B) which gave plaintiff the right to amend the original complaint, in any manner he might choose, including dropping factual allegations that he felt were not germane.

In the First Amended Complaint plaintiff has maintained his causes of action under the Americans with Disabilities Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 1201 et seq., and the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law § 290 et seq. (See First Amended Complaint, paragraph 5). Both of these statutes have a three year Statute of Limitations running from the date when the reasonable accommodation is denied.

In the original complaint, the plaintiffs had stated that the accommodation of "breaks as needed" should be such breaks that are given at the discretion of the person in pain with regard to their frequency and duration. Defendant The American Chemical Society ("ACS") referred to this accommodation as a request for "unlimited breaks without restriction" and the request was denied on April 24, 2014. (See page 4 of Defendant's Memorandum of Law of October 30, 2017). Thus, under this interpretation of plaintiff's requested accommodation, defendant further argues that the three year Statute of Limitations began to run on April 24, 2014, and that by waiting until April 27, 2017 to file the original complaint, plaintiffs missed the cut off date by three days mandating dismissal of their complaint. (See page 5 of Def. Memo of Law). **This is precisely why defendant insists that the Court consider factual allegations contained in the original complaint, and not properly limit its analysis to the First Amended Complaint, which was amended as of right pursuant to Rule 15(a)(1)(B).**

The First Amended Complaint pointedly emphasizes that the ACS gave a written guarantee for three accommodations for plaintiff in the form of an e-mail from Dr. Mary Kirchhoff, ACS Director of Education, sent on April 25, 2014. Dr. Kirchhoff's email of April 25, 2014 is referenced in paragraph 11 (pages 3-4) of the First Amended Complaint. This paragraph is the critical heart of where the First Amended Complaint begins to diverge from the original complaint:

> "Dear Mrs. Schneiderman,
>    This e-mail confirms the accommodations Moshe [Arnold] will have for
>    the Olympiad competition on April 27, 2014.
>
>    - Use of a Scribe
>    - Time and a half on each part of the Olympiad for transcription by the scribe
>    - Breaks as Needed"

Plaintiff's unmistakable claim in the First Amended Complaint is that defendant ACS denied him reasonable accommodations on the day of the Olympiad itself, April 27, 2014 by failing to abide by the same reasonable accommodations the ACS had itself guaranteed in writing two days earlier on April 25, 2014. Thus, since the reasonable accommodations for plaintiff were denied by the ACS (through the actions of its agent Professor Stephen Z. Goldberg who was the supervisor of the National Chemistry Olympiad at the New York regional site where plaintiff participated) on April 27, 2014, the plaintiffs by

filing the original complaint on April 27, 2017 were within the three year Statutes of Limitations under both the ADAAA and NYSHRL. (See First Amended Complaint paragraphs 12-17, 22, and 28).

Under the legal standard set forth at Page 9 of Defendant's Memo of Law, dated October 30, 2017, the First Amended Complaint has amply alleged that defendant denied plaintiff reasonable accommodations on April 27, 2014 through the actions that day of ACS agent Professor Steven Z. Goldberg. The First Amended Complaint has successfully alleged that the ACS did not effectively address the needs of plaintiff, nor allowed him to fairly participate in the activity at issue, the National Chemistry Olympiad.

First, as alleged in paragraph 13 of the First Amended Complaint, plaintiff requested a second break during Part II of the all-day examination on April 27, 2014 because he was in pain. Professor Goldberg effectively denied him that break by insisting that the break time would have to be deducted from his testing time for that section of the examination. As stated at (paragraph 13, page 5): "Having a second un-penalized break in a test section lasting 2 hours and 38 minutes is indisputably a reasonable accommodation, yet it was denied despite what ACS had agreed to on April 25, 2014."

Second, as stated at paragraph 14: "on the day of the Olympiad, April 27, 2014, plaintiff requested one break on Part III of the examination and his request was denied by Professor Goldberg. Part III of the examination was 2 hours and 47 minutes in duration for plaintiff. Taking one break during such an extended time period would unquestionably have been a reasonable accommodation, under the terms for breaks guaranteed by Dr. Kirchhoff in her April 25[th] e-mail." Third, as set forth in Paragraphs 15-16, ACS agent Professor Goldberg effectively undermined another accommodation guaranteed by the ACS, use of a scribe. As alleged at paragraph 15 (page 5): "on the day of the Olympiad, April 27, 2014, Professor Goldberg altered what would be the usual, customary, and expected rules of interaction between scribe and student by prohibiting plaintiff's scribe from uttering a word. This prohibition severely compromised the scribe's function and most likely had negative consequences for plaintiff's score..."

Fourth, on April 27, 2014 ACS agent Professor Goldberg, as part of his undermining of plaintiff's participation in the Olympiad on a fair basis, insulted plaintiff's mother just moments before the examination started "calling her an idiot in front of plaintiff and his scribe." (First Amended Complaint, paragraph 17). ACS agent Professor Goldberg's actions in this regard were part and parcel of defendant's failure to reasonably accommodate plaintiff by its own standards guaranteed beforehand, and also in violation of the legal authority defendant cites mandating effective and fair participation in an activity (not just participation itself) by the disabled person. (See page 9 of Defendant's Memorandum of Law).

In sum, the First Amended Complaint refutes every argument for dismissal of the complaint outlined in Defendant's Memorandum of Law. Since defendant has not advanced any new grounds for dismissing the Amended Complaint in its December 1st letter, there is no reason to even hold a pre-motion conference.

Respectfully submitted,

*Joshua Fuld Nessen*

Joshua Fuld Nessen (JN6450)

cc: Magistrate Judge Steven M. Gold
    Joseph J. Lynett and Joseph J. DiPalma, Esqs.
    JACKSON LEWIS P.C
    *Attorneys for Defendant* (Via ECF and E-mail)

**LAW OFFICE OF JOSHUA FULD NESSEN**
c/o Michael Faillace & Associates, LLP
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (646) 712-1920
Fax: (212) 317-1620
Email: jfuldn@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ARNOLD SCHNEIDERMAN,

                  Plaintiff,
-against –                                                                        CV 17-2530
                                                                                        (RRM)(SMG)

THE AMERICAN CHEMICAL SOCIETY,

                  Defendant.
-------------------------------------------------------------X

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Letter from Joshua Fuld Nessen to District Judge Rosylyn R. Mauskopf, dated December 10, 2017, has been served on defendant by sending it to its Attorneys via ECF and E-mail to JOSEPH.LYNETT@JACKSONLEWIS.COM on this 10th day of December 2017.

Dated: December 10, 2017                              By:     */s/ Joshua Fuld Nessen*
        New York, New York                                       Joshua Fuld Nessen