**LAW OFFICE OF JOSHUA FULD NESSEN**

c/o Michael Faillace& Associates, LLP
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (646) 712-1920
Email: joshuanessen9@gmail.com

June 27, 2018

Honorable Judge Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: **Arnold Schneiderman v. The American Chemical Society CV 17-2530 (Pre-Motion Conference)(RRM)(SMG)**

Dear Judge Mauskopf:

I am counsel for Plaintiff, Arnold Schneiderman, in the above referenced matter. I am submitting this letter in response to the February 14, 2018 letter submitted by counsel for Defendant The American Chemical Society as a prelude to a pre-motion conference, originally scheduled for June 21, 2018 and adjourned indefinitely pursuant to this Court's Order to Show Cause of June 13, 2018.

Contrary to Defendant's claims, the Second Amended Complaint should not be dismissed. Plaintiff's complaint is valid since : 1)The Court has diversity jurisdiction over this case; 2)Defendant The American Chemical Society ("ACS") is a "covered entity" under the New York State Human Rights Law ("NYSHRL") a "place" of "public accommodation" forbidden to discriminate on the basis of disability; 3)Under the liberal pleading requirements of both the New York Civil Procedure Law and Regulations ("CPLR") and the Federal Rules of Civil Procedure ("FRCP")Plaintiff did not have to specifically use the term "covered entity" to survive a motion to dismiss under FRCP Rule 12(1) and (6) and the closely analogous CPLR 3211(7); and 4)The Defendant did agree to "breaks without penalty"—the only logical way the accommodation would have meaning, and beyond logic this agreement is also specified in two e-mails that the Court should take judicial notice of. This was not a new accommodation turned down by Defendant prior to the day of the National Chemistry Olympiad, April 27, 2014, but rather a reasonable accommodation agreed to by the ACS and then violated on the day of the Olympiad. Thus, Plaintiff did not violate the three year statute of limitations by filing the initial suit on April 27, 2017.

1)**The Court has diversity jurisdiction over this case.**  The Second Amended Complaint at ¶4 specifies that the basis for jurisdiction is diversity under 28 U.S.C. § 1332(1)(a) because Plaintiff and Defendant are from different states and the damages exceed $75,000. Under the Second Cause of Action for Violation of the NYSHRL at ¶ 26 Plaintiff then re-alleges ¶ 4 and every other paragraph. Thus, Plaintiff does not have to write a separate paragraph under this Cause of Action stating that he merits $75,000 in compensatory damages. The very precedent cited by Defendant in its February 14, 2018 letter at page three supports Plaintiff's argument that it has sufficiently pled the $75,000 as required: "While the Second Circuit recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy…a court must dismiss the case for want of subject matter if, **from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount of claimed.**" Sheldon v. Khanal, 2011 U.S. Dist. LEXIS 97570 *23 (E.D.N.Y 2011) (emphasis added).  Contrary to what Defendant claims there is certainly not a legal certainty that this is the case. In fact, the opposite is true. For, as the Proposed Second Amended Complaint alleges at ¶30:"Due to the discriminatory conduct of defendant ACS [which included denial of the right to a scribe who could communicate with him], plaintiff has suffered physical pain, emotional distress, and lost academic and professional opportunity by virtue of a likely lower score on the National Chemistry

1

Olympiad". Being selected as one of the twenty finalists of this prestigious Olympiad is a life-long credential that Plaintiff could have achieved had he not been unfairly discriminated against when Defendant scrapped its prior commitments to afford him reasonable accommodations on the day of the Olympiad, April 27, 2014.

**2)Second, contrary to counsel's claim, Defendant The American Chemical Society is a "covered entity" under the New York State Human Rights Law.** This has strongly been affirmed in the Eastern District of New York by Senior Judge Jack B. Weinstein in his ruling in <u>Victor Andrews v. Blick Art Materials, LLC</u>, 268 F. Supp. 3d 381, 398-400 (E.D.N.Y. 2017) in which he undertakes a rigorous analysis of the New York State Human Rights Law. In doing so he is exercising the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) in applying New York law in a federal forum.  First, he looks to the Statute itself, N.Y. Exec. Law § 296(2)(a) which states that: "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation or resort or amusement, because of the disability..of any person, directly or indirectly to deny to such person any of the accommodations, advantages, facilities or privileges thereof." Judge Weinstein integrates his statutory analysis with New York case law, notably decisions by the New York Court of Appeals. "[T]he provisions of the Human Rights Law must be liberally construed to accomplish the purposes of the statute." <u>Cahill v.Rosa</u>, 89 N.Y. 2d 14, 20, 651 N.Y.S. 344, 346 (1996). That Court goes on to stress that the legislative history indicates that the New York State Legislature has repeatedly amended the statute to expand its scope specifying that the list of places of public accommodation is 'illustrative not specific.'. "The history provided a clear indication that the Legislature used the phase public accommodation in the broad sense of providing conveniences and services to the public and that it intended that the definition of place of accommodation be interpreted liberally." <u>Id</u>

In examining the New York Human Rights Law, the New York Court of Appeals decision in <u>United States Power Squadrons v. State Human Rights Appeal Board, et al.</u>,59 N.Y. 2d 401, 410, 465 N.Y.S. 2d 871, 875(1983) stresses that:"The statutory language states two concepts, the idea of public accommodation in the broad sense of providing conveniences and services to the public and idea of place."In arriving at an expansive view of "place", the New York Court followed an important New Jersey decision, <u>National Organization of Women, Essex County Chapter v. Little League Baseball, Inc</u>. Ltd. 127 N.J. Super. 522, 531, 318 A.2d. 33, 37 (N.J. App. Div. 1974): "But a public conveyance, like a train is a 'place' of public accommodation although it has a moving situs. The 'place' of public accommodation in the case of Little League is obviously the ballfield at which tryouts are arranged, instructions given, practices held and games played. The statutory 'accommodations, advantages, facilities, and privileges' at the place of public accommodation is the entire agglomeration of the arrangements which Little League and its local chartered leagues make and facilities they provide for the playing of baseball by the children.."

The New York Court of Appeals in *Power Squadrons* adopted the language of the *Little League* court agreeing that the term "place" in the New York Statute was a term of convenience not limitation. 59 N.Y. 2d at 411. The New York court further noted that: "The statute itself suggests such an interpretation because it lists places of accommodation which have no fixed place of operation but supply their services at a variety of locations and that the statute also applies to 'establishments dealing with goods or services of any kind' Analytically such establishments may discriminate by denying goods and services without denying individuals access to any particular place, e.g. home delivery service or services performed in the customer's home and mail order services." <u>Id</u>.

In holding that a web-site that was not accessible to the blind was a "place" as defined under the New York State Human Rights Law, Judge Weinstein makes it clear that the American Chemical Society should also be considered a place of public accommodation that must reasonably accommodate those with disabilities such as Plaintiff: "New York's broad reading of the term 'place' and the presumption that the NYSHRL should be interpreted consistently with the ADA suggests a finding that dickblick.com is a 'place of public accommodation' under the NYSHRL. Through Plaintiff's assertion that he is unable to use the website due to this disability, he has stated a claim that Blick has violated the NYSHRI. The defendant's 12(b)(6) motion on this claim is denied". 268 F. Supp. at 400.

The ACS provides services to the public, including holding Local, New York State, and National Chemistry Olympiads, which are mental competitions akin to the baseball competitions cited as an example of "places" by Judge Weinstein. Moreover, New York Executive Law § 292(9) specifies that "amateur athletic competitions" (and logically "mental competitions") especially on a New York State level are not "private" and are thus "public accommodations". As in *Andrews* v. *Blick Art Materials*, Defendant's motion to dismiss Plaintiff's complaint should be denied. Since ACS denied Plaintiff promised reasonable accommodations on April 27, 2014, the day of the Olympiad, his initial filing of this lawsuit on April 27, 2017 was timely.

3) **Defendant is likewise incorrect, that Plaintiff had to explicitly allege that the American Chemical Society was a "covered entity" to survive its motion to dismiss.** Since we are are applying New York law albeit in a federal forum, the interpretation by the New York Court of Appeals regarding pleading requirements is pertinent, even while acknowledging that the FRCP is also looked to. Following *Leon v. Martinez*, 84 N.Y.2d 83, 88, 614 N.Y.S 2d 972, 974 (1994) a motion to dismiss is treated very liberally, and as stated at 84 N.Y. 2d at 88: "the criterion is whether the proponent of the pleading has a cause of action not whether he has stated one" citing *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275, 401 N.Y.S. 2d 182 (2000) and another Court of Appeals case *Rovello v. Orfino Realty*, 40 N.Y.2d 633, 636, 389 N.Y.S. 2d 314 (1998). Should the Court feel too tightly bound by the FRCP and require that the words "covered entity" be used in the complaint, then we would ask the Court to permit that technical amendment, since it would not be a futile one.

4) **Defendant did agree to "breaks without penalty".** First, this is the only logical approach since the accommodation of "reasonable breaks as needed" would be meaningless if Plaintiff was penalized for taking breaks. (See Second Amended Complaint ¶14). Moreover, we also have highly probative evidence that is precisely what this Court can and should take judicial notice of. If we were to strictly follow New York law rather than the FRCP, the Court of Appeals ruling in *Leon v. Martinez*, 84 N.Y.2d at 88 would be decisive: "In assessing a motion under CPLR 3211(a)(7) [a motion to dismiss], however, a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint." Thus, Plaintiff would be free to submit with an explanatory affidavit, the e-mail, dated Wednesday April 23, 2014 from Stephen Goldberg (who proctored the National Chemistry Olympiad as an agent of the Defendant American Chemical Society) to Mrs. Schneiderman, in which he states at paragraph 5 of his e-mail that : "I informed you this afternoon that Moshe [aka Arnold] would not lose test time if he needed breaks but that the time would come out of the breaks built into the schedule." He reiterates this point in an e-mail the next day to Mr. Schneiderman: "I made it very clear in face to face discussion with your wife yesterday that any 'break time' would not be taken away from exam time but would be out of the previously allocated break times." Of course on the very day of the Olympiad it was the same Stephen Goldberg who told Plaintiff that a second break during the Part II of the examination would have to come out of his testing time. (See Second Amended Complaint ¶14)

While Defendant might argue that the CPLR is more liberal than the FRCP and explanatory affidavits would not be permitted, in fact the Court can and should take judicial notice of this highly probative evidence. As the Court in *Costello v. Town of Huntington*, 2015 WL 1396448 (E.D.N.Y. March 25, 2015) states at *6: "In deciding a motion to dismiss, the Court is confined to the four corners of the complaint. However, this limitation has been interpreted broadly to include any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, **and anything of which judicial notice may be taken.**" (emphasis added)(internal quotations and citations omitted). Thus, when Dr. Kirchhoff agreed to the accommodation of "reasonable break time as needed" on April 25, 2014 this meant breaks without penalty even if she did not explicitly use that language. Logically, that is the only way that the reasonable accommodation would have any meaning at all. For all the foregoing reasons, Defendant's motion to dismiss should be denied.

Respectfully Submitted,

*Joshua Fuld Nessen*

Joshua Fuld Nessen
Attorney for Plaintiff Arnold Schneiderman

3