**JOSHUA FULD NESSEN, ESQ.**
14 Bradley Road
Weston, CT 06883
Telephone: (646) 712-1920
Email: joshuanessen9@gmail.com

June 25, 2019

**VIA ECF TO COURT AND OPPOSING COUNSEL (COURTESY COPY BY MAIL)**

Honorable Judge Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Arnold Schneiderman v. The American Chemical Society
CV 17-2530-RRM-SMG (Request for Pre-motion Conference)

Dear Judge Mauskopf:

  I am counsel for Plaintiff Arnold Schneiderman in the above-referenced matter. Plaintiff has brought suit under the New York State Human Rights Law (NYSHRL) against The American Chemical Society (ACS) for disability discrimination during its U.S. National Chemistry Olympiad (UNSCSO) held on April 27, 2014 for failing to provide him with accommodations agreed to by the ACS ahead of time, but denied Plaintiff on the day of the UNSCO. I am writing in accordance with your Honor's Individual Rule III (A)(2) to request a pre-motion conference to deal with a proposed amendment to the Proposed Second Amended Complaint ("Second Amended Complaint"), Document 27, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 15(a)(2).

  As the Court is aware, Defendant has served a Motion to Dismiss the Second Amended Complaint on Plaintiff, and Plaintiff has in turn served his Opposition Papers on Defendant. Defendant has a due date of July 19, 2019 to serve and file his Reply and the fully briefed motion by ECF along with delivering to Chambers the requisite courtesy copies of the movant and Plaintiff.

  Plaintiff is seeking to amend the Second Amended Complaint, even as the briefing is being finalized on Defendant's Motion to Dismiss, because he believes that a decision by the Court on the proposed amendment will clarify what the Court needs to consider on ruling on that Motion.

1) <u>Background Information</u>

  Defendant's Counsel in its pre-motion letter to the Court dated February 14, 2018 (Doc. 29) had made the argument that among the reasons that the Second Amended Complaint should be dismissed pursuant to FRCP Rule 12(b)(6) is that the Defendant The American Chemical Society ("ACS") is: 1)Not a "covered entity" under the New York State Human Rights Law ("NYSHRL") and thus is not subject to suit for disability discrimination by Plaintiff and 2)Plaintiff has not even pled that the ACS is a "covered entity" under the NYSHRL. In its three page response to Defendant's pre-motion conference letter, dated June 27, 2018 (Doc. 35) at p. 2 Plaintiff claimed that the ACS is a covered entity under the NYSHRL. Plaintiff also then maintained that he did not have to specifically allege that the ACS was a "covered entity" to survive ACS' motion to dismiss.

1

   2)   <u>The Proposed Amendment to the Second Amended Complaint</u>

   It might well be the case that Plaintiff did not have to specifically plead that Defendant ACS was a "covered entity" under the NYSHRL to survive its motion to dismiss given the liberal pleading requirements under FRCP Rule 8(a)(2) as interpreted by the United States Supreme Court. <u>Conley v. Gulson</u>, 355 U.S. 41, 47 (1957)("Indeed the Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits…FRCP 8(a)(2) requires only a short plain statement showing that the pleader is entitled to relief in order to give the defendant fair notice of what…the claim is and the grounds upon which it rests"); <u>Swierkiewicz v. Soren, N.A,</u> 554 U.S. 506, 511 (2004)("Rule 8(a) provides that notice pleading is a liberal standard focused on defining facts and issues…and disposing of  unmeritorious claims").

   Nonetheless, Plaintiff to safeguard his legal interests, proposes under FRCP Rule 15(a)(2) to move to amend the Second Amended Complaint at the Second Cause of Action, VIOLATION OF THE NYSHRL – Disability Discrimination (Document 27, ¶¶ 26-31).  Specifically Plaintiff pursuant to FRCP Rule 15(a)(2) seeks to make a short amendment to ¶ 27 of the Second Amended Complaint which currently reads: "In April 2014 Plaintiff had disabilities as defined under the NYSHRL." To this paragraph Plaintiff moves to add two sentences: **"The ACS is a covered entity under the NYSHRL since the New York section of the Olympiad which it organized was held at a place of public accommodation on April 27, 2014, pursuant to N.Y. Exec. Law § 296(9). Thus, Plaintiff could sue the ACS for disability discrimination under the NYSHRL, N.Y. Exec. Law § 296(2)(a)."**

   3)   <u>The Amendment should be granted since Plaintiff is not making it in bad faith, Defendant would not suffer any prejudice by the delay in bringing it, and the Amendment  Would Not Be Futile</u>

   According to the Second Circuit Court of Appeals: "Rule 15(a) directs that leave to amend should be freely given.  The Second Circuit has held that a Rule 15(a) motion should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important the resulting prejudice to the opposing party." <u>Aetna Cas. & Sur. Co. v. Ainero Concrete Co.,</u> 404 F. 3d 566, 603 (2d Cir. 2005).

   There is federal precedent in our circuit for allowing extensive amendments in cases that are at a far more advanced stage than our case.  For example, in <u>Refco Group Ltd., v. Cantor Fitzgerald</u>, 2015 U.S. Dist. LEXIS 88121 at *70-71 (S.D.N.Y. July 6, 2015) the Court allowed no fewer than six amendments, most of them substantive new claims, after extensive discovery had occurred, while here Plaintiff seeks only a short technical pleading amendment before any discovery and is not adding any new claim.

   In arriving at its decision, the *Refco Group* Court stated at *22: "The correction of deficiencies in the complaint is a legitimate reason for seeking to amend a pleading under the liberal standard of Rule 15(a). <u>Luparell v. Inc. Vill. Of Garden City</u>, 290 F. Supp. 2d 341, 344 (E.D.N.Y. 2003); <u>Vulcan Soc. Of Westchester Cnty. v. Fire Dep't of White Plains</u>, 82 FRD 379, 386 (S.D.N.Y. 1974). Here RGL seeks to amend deficiencies in the complaint identified by defendants' motion to dismiss and the parties' discovery requests.  Even if RGL was made fully aware of those deficiencies by Judge Abrams' decision and subsequent litigation, the 6-month delay in filing the instant motion is not so

lengthy as to warrant its denial, particularly in light of defendants' failure to demonstrate prejudice. Because delay alone is insufficient to deny a motion to amend, and as explained below defendants have not demonstrated undue prejudice or bad faith, RGL's delay in seeking to replead its dismissed claims is not a sufficient basis to deny RGL's motion..."

The *Refco Group* Court then explains at *23: "To determine whether a party would be prejudiced by a proposed amended pleading courts generally consider whether the assertion of a new claim or defense would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay resolution of the dispute; or (iii) prevent the plaintiff from beginning a timely action in another jurisdiction."

Under this standard it is crystal clear that Defendant ACS would not be prejudiced by Plaintiff's two sentence amendment which does not add any new claim.  The delay of Plaintiff in proposing this amendment is not a basis to deny it because there will be no resulting prejudice to Defendant. Critically, this amendment would not be futile, because the Second Amended Complaint (now that the omission of explicit reference to the term "covered entity" has been cured) would meet the standard to survive a motion dismiss given by the two leading U.S. Supreme Court decisions on how a complaint must measure up for survival under an FRCP Rule 12(b)(6) motion.  Both Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct.1955 (2007) hold that: "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. 550 U.S. at 556. The plausibility standard is not akin to a probability requirement but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*" (internal quotation marks omitted).

In the Second Amended Complaint at ¶ 14 Plaintiff pleads the fact, accepted as true, that ACS agent Professor Goldberg--who supervised the UNSCO at the location where Plaintiff took the 8-9 hour examination--denied Plaintiff a second break without a time penalty during Part II of the exam which lasted 2 hours and 38 minutes for Plaintiff, despite ACS' agreement ahead of time to reasonable break time without a time penalty.  At ¶ 15 Plaintiff pleads the fact that Professor Goldberg denied him any break time at all during Part III of the UNSCO which lasted 2 hours and 17 minutes—a denial that on its own is sufficient basis to hold ACS liable for failing to accommodate plaintiff's documented disabilities—serious wrist and hip conditions. Plaintiff has thus pled factual content, accepted as true, regarding the actions of ACS agent Professor Goldberg on April 27, 2014 that would allow the Court to draw the reasonable inference that the ACS is liable under the NYSHRL for failure to reasonably accommodate Plaintiff's disabilities on the UNSCO. The proposed amendment to specify that ACS is a "covered entity" under the NYSHRL, and thus subject to suit for disability discrimination for the actions of its agent Professor Goldberg would not be futile for with it Plaintiff would be able to defeat ACS' FRCP Rule 12(b)(6) motion to dismiss. "The party opposing the amendment has the burden of demonstrating that a proposed amendment would be futile." Allison v. Clos-Ette Too, 2015 WL 136102 at *2 (S.D.N.Y. January 9, 2015). Plaintiff submits that Defendant ACS cannot meet that burden.

                                                Respectfully Submitted,

                                                */s/Joshua Fuld Nessen*
                                                Joshua Fuld Nessen