UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ARNOLD SCHNEIDERMAN,

               Plaintiff,

   - against -

THE AMERICAN CHEMICAL SOCIETY,

               Defendants.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-2530 (RRM) (SMG)

ROSLYNN R. MAUSKOPF, Chief United States District Judge.

     Arnold Schneiderman brings this diversity action alleging that defendant the American Chemical Society ("ACS") violated the New York State Human Rights Law ("NYSHRL"), New York Exec. Law § 290 *et seq.*, by failing to accommodate his disabilities in administering the National Chemistry Olympiad. ACS has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) and Schneiderman has moved for leave to file a third amended complaint. For the reasons below, Schneiderman is granted leave to file a third amended complaint and ACS's motion to dismiss is denied as moot.

## BACKGROUND

     Plaintiff Arnold Schneiderman filed his Second Amended Complaint on January 30, 2018. (Second Amended Complaint (Doc. No. 27).) In this complaint, Schneiderman alleges that ACS denied him reasonable accommodations for his disabilities when Schneiderman competed in the April 2014 National Chemistry Olympiad. (*Id.*) In addition to a claim under the NYSHRL, Schneiderman's Second Amended Complaint included a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (*Id.* at 7.)[1] Schneiderman withdrew this claim

---

[1] Page numbers refer to pagination assigned by the Court's Electronic Case Filing system.

in his brief in opposition to the instant motion to dismiss. (Pl.'s Memorandum in Opposition to Motion to Dismiss ("Opp. Mot.") (Doc. No. 41-27) at 5.)

In a letter requesting a pre-motion conference filed on February 14, 2018, ACS consented to the filing of this Second Amended Complaint and sought leave to file a motion to dismiss. (Def.'s Pre-Motion Conference Letter (Doc. No. 29) at 1.) On April 3, 2019, the Court ordered the parties to brief ACS's motion to dismiss the Second Amended Complaint.

On June 26, 2019, more than 21 days after ACS served its motion to dismiss, and after Schneiderman served his brief in opposition, Schneiderman filed a request for a pre-motion conference on a proposed motion for leave to file a third amended complaint. ("PMC Request re Third Amended Compl.") (Doc. No. 40).) Schneiderman seeks leave to amend in order to plead that ACS is a covered entity under the NYSHRL. (*Id.*) On June 27, 2019, the Court denied Schneiderman's request for a pre-motion conference, explaining that Schneiderman's "motion to amend the Second Amended Complaint will be addressed in the Court's order on the pending motion to dismiss." (Order of 6/27/2019.) The Court further directed ACS to "include any opposition to plaintiff's motion to amend in its reply." (*Id.*) In its reply brief, ACS argues that the Court should deny leave to amend because amendment would be futile, as ACS is not a covered entity. (Def.'s Reply Memorandum in Support of Its Motion to Dismiss ("Reply") (Doc. No. 41-28) at 9–11.)

## DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be "freely" granted. Where amendment would be futile, however, leave to amend may be denied. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). The party opposing a motion

for leave to amend bears the burden of establishing that amendment would be futile. *See Cummings-Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012).

To maintain a claim under the NYSHRL for failure to accommodate a disability, a plaintiff must allege that the defendant is a covered entity under the NYSHRL. *See Noll v. Int'l Bus. Machines Corp.*, 787 F.3d 89, 94 (2d Cir. 2015); *see also Gaube v. Day Kimball Hosp.*, No. 13-CV-1845 (VAB), 2015 WL 1347000, at *9 (explaining that plaintiff's failure to plead that defendants were covered entities was grounds for dismissal of plaintiff's ADA claim). Schneiderman concedes he makes no such allegation in his second amended complaint. (Opp. Mot. at 23.)

In opposing Schneiderman's motion for leave to amend, ACS relies primarily on the definition of "public accommodation" in the NYSHRL to argue it is not a covered entity. *See* N.Y. Exec. Law § 292(9). (Reply at 9; Opp. Mot. at 16–17.) ACS explains that "examinations or competitions such as the [National Chemistry Olympiad]" are absent from the definition. (Mot. at 17.) Yet the Court of Appeals of New York has previously held that "the statutory list" in § 292(9) "is illustrative, not specific." *Cahill v. Rosa*, 89 N.Y.2d 14, 21 (1996); *see also Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 399 (E.D.N.Y. Aug. 1, 2017). Thus, the absence of "examinations or competitions" from NYSHRL's statutory definition of "public accommodation" is not a sufficient basis for the Court to conclude that ACS is not a covered entity under the NYSHRL. Because ACS has not met its burden of establishing that amendment of the second amended complaint would be futile, leave to amend should be granted. *See Cummings-Fowler*, 282 F.R.D. at 296.

3

## CONCLUSION

For the reasons outlined above, Schneiderman is granted leave to file a third amended complaint with respect to his claim under the NYSHRL.  Schneiderman shall file a third amended complaint within 30 days of the date of this Order.  ACS's motion to dismiss the second amended complaint, (Doc. No. 41), is denied as moot.  Schneiderman's motion for leave to file a sur-reply, (Doc. No. 43), is also denied as moot. This action is recommitted to the assigned Magistrate Judge for all remaining pre-trial matters, including settlement discussions if appropriate.

SO ORDERED.

Dated: Brooklyn, New York
       May 18, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge